```
                                    FILED
                                    2007 JUL 30 PM 4:15
                                    RICHARD W. WIEKING
                                    CLERK
                                    U.S. DISTRICT COURT
                                    NO. DIST. OF CA
```

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| ROOSEVELT JOHNSON, | ) No. C 07-2610 MJJ (PR) |
|---|---|
| Petitioner, | ) **ORDER TO SHOW CAUSE** |
| v. | ) |
| BEN CURRY, | ) (Docket No. 2) |
| Respondent. | ) |

Petitioner, a California prisoner, filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the decision by the California Board of Prison Terms ("Board") finding petitioner unsuitable for parole.[1] Petitioner has paid the filing fee.

## BACKGROUND

In Los Angeles County Superior Court, a jury convicted petitioner of first degree murder. The trial court sentenced him to a term of 26 years to life in state prison. The California Board of Prison Terms (the "Board") found him unsuitable for parole. He challenged this decision unsuccessfully in habeas petitions filed at all three levels of the California courts.

## DISCUSSION

A. Standard of Review

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in

---

[1] The case was originally filed in the Central District of California before being transferred to this court.

G:\PRO-SE\MJJ\HC.07\johnson.osc.wpd

custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

B.    Legal Claims

Petitioner claims that (1) the Board's decision to deny parole violated his right to due process because it was not based on at least "some" evidence of unsuitability;[2] (2) the denial of parole violated his right to due process because it was based on the Governor's blanket policy of denying parole to all individuals convicted of murder. Liberally construed, these claims are cognizable.

## CONCLUSION

For the foregoing reasons,

1.    The Clerk of the Court shall serve by certified mail a copy of this order, and the amended petition and all attachments thereto, upon respondent and respondent's attorney, the Attorney General for the State of California. The Clerk shall also serve a copy of this order on petitioner.

2.    Respondent shall file with the Court and serve on petitioner, within 90 days of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on the cognizable claims described above. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with

---

[2]This argument is set forth in Claims One and Two in the petition.

G:\PRO-SE\MJJ\HC.07\johnson.osc.wpd    2

the Court and serving it on respondent within 30 days of the date the answer is filed.

3.  Respondent may, within 90 days of the date this order is filed, file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within 30 days of the filing of the motion, and respondent shall file with the Court and serve on petitioner a reply within 15 days of the date any opposition is filed.

4.  Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel.

5.  It is petitioner's responsibility to prosecute this case. Petitioner must keep the Court and respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

6.  Upon a showing of good cause, requests for a reasonable extension of time will be granted as long as they are filed on or before the deadline which they seek to extend.

IT IS SO ORDERED.

DATED: 7/26/2007

MARTIN J. JENKINS
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

ROOSEVELT JOHNSON,

        Plaintiff,

v.

B CURRY et al,

        Defendant.

Case Number: CV07-02610 MJJ

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 30, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Roosevelt Johnson
Correctional Training Facility
Prisoner Id D 63610
P.O. Box 705
Soledad, CA 93960-0705

Office of the Attorney General
455 Golden Gate, Suite 11000
San Francisco, CA 94102-7004

Dated: July 30, 2007

Richard W. Wieking, Clerk
By: Edward Butler, Deputy Clerk