1 │ EDMUND G. BROWN JR.
    Attorney General of the State of California
2 │ DANE R. GILLETTE
    Chief Assistant Attorney General
3 │ JULIE L. GARLAND
    Senior Assistant Attorney General
4 │ ANYA M. BINSACCA
    Supervising Deputy Attorney General
5 │ AMBER N. WIPFLER, State Bar No. 238484
    Deputy Attorney General
6 │  455 Golden Gate Avenue, Suite 11000
     San Francisco, CA  94102-7004
7 │  Telephone:  (415) 703-5721
     Fax:  (415) 703-5843
8 │  Email:  Amber.Wipfler@doj.ca.gov

9 │ Attorneys for Respondent
    Warden B. Curry

10 │

11 │

12 │                   IN THE UNITED STATES DISTRICT COURT

13 │                 FOR THE NORTHERN DISTRICT OF CALIFORNIA

14 │                          SAN FRANCISCO DIVISION

15 │ **ROOSEVELT JOHNSON,**                      C07-2610 MJJ

16 │                            Petitioner,   **NOTICE OF MOTION AND MOTION
                                               TO DISMISS; MEMORANDUM OF**
17 │        v.                                 **POINTS AND AUTHORITIES IN
                                               SUPPORT**
18 │ **BEN CURRY, Warden,**

19 │                            Respondent.    Judge:  The Honorable Martin Jenkins

20 │

21 │      TO PETITIONER ROOSEVELT JOHNSON, IN PRO SE:

22 │      PLEASE TAKE NOTICE that Respondent Ben Curry, Warden of the Correctional Training

23 │ Facility, moves this Court to dismiss the Petition for Writ of Habeas Corpus pursuant to 28

24 │ U.S.C. § 2244(d)(1) and Rule 4 of the Federal Rules Governing Habeas Cases, on the ground that

25 │ the petition is barred by the statute of limitations.  This motion is based on the notice and motion,

26 │ the supporting memorandum of points and authorities, the court records in this action, and other

27 │ such matters properly before this Court.  No hearing is requested.

28 │ / / /

Not. of Mot. and Mot. to Dismiss; Mem. of P. & A.                              *Johnson v. Curry*
                                                                               C07-2610 MJJ

                                          1

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Petitioner is an inmate at the Correctional Training facility, proceeding pro se in this habeas corpus action. Petitioner, who is currently serving an indeterminate sentence for first degree murder, alleges that the Board of Parole Hearings unconstitutionally denied him parole at his 2003 parole consideration hearing. Specifically, Petitioner claims that the Board violated due process because its decision was not supported by some evidence of unsuitability, and that the Board based its decision on the Governor's alleged "blanket policy" of denying parole to all individuals convicted of murder. However, Petitioner failed to file his claim within the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Accordingly, Respondent moves to dismiss the petition as untimely.

## LEGAL STANDARD

When presented with a petition for writ of habeas corpus, district court judges may order the respondent to file an answer, motion, or "take such other action as the judge deems appropriate." Federal Rules Governing Habeas Cases, Rule 4. This rule is designed to afford judges flexibility in cases where either dismissal or an order to answer would be inappropriate. Federal Rules Governing Habeas Cases, Rule 4, Advisory Committee's Notes. Specifically, judges may authorize a respondent to make a motion to dismiss in order to "avoid burdening the respondent with the necessity of filing an answer on the substantive merits of the petition." *Id.*; *see also Lonchar v. Thomas*, 517 U.S. 314, 324 (1996) (recognizing as proper a motion to dismiss federal habeas petition for failure to exhaust state remedies).

## ARGUMENT

### BECAUSE PETITIONER IS NOT ENTITLED TO STATUTORY OR EQUITABLE TOLLING, HIS CLAIM MUST BE DISMISSED AS UNTIMELY.

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) provides that a "1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a state court." 28 U.S.C. § 2244(d)(1). The limitation period begins to run from "the date on which the factual predicate of the claim or claims

Not. of Mot. and Mot. to Dismiss; Mem. of P. & A.

*Johnson v. Curry*
C07-2610 MJJ

1   presented could have been discovered through the exercise of due diligence." *Id.* at (d)(1)(D).

2   Here, the date on which Petitioner could have discovered the factual predicate of his claim is July

3   11, 2005, when the Board denied his administrative appeal and his parole denial became final.

4   (Ex. A, Administrative Appeal Denial); *See Redd v. McGrath*, 343 F.3d 1077, 1079 (9th Cir.

5   2003) (AEDPA's statute of limitations begins to run when the Board denies an administrative

6   appeal).  However, Petitioner did not file the current claim until April 27, 2007, or approximately

7   nine months after the AEDPA deadline.  (Ex. B, Central District Civil Docket.)  Thus, the

8   petition is time-barred unless statutory or equitable tolling applies. *Culver v. Dir. of Corr.*, 450

9   F.Supp.2d 1135 (C.D. Cal. 2006).  Because Petitioner is entitled to neither, his claim must be

10   dismissed.

11   **A.    Petitioner Is Not Entitled to Statutory Tolling.**

12       Under AEDPA, the limitations period is tolled during the pendency of a "properly filed

13   application for State post-conviction or other collateral review with respect to the pertinent

14   judgment or claim." 28 U.S.C. § 2244(d)(2).  Generally, this means that the one-year statute of

15   limitations is tolled from the time a California prisoner files his first state habeas petition until

16   the California Supreme Court rejects his final collateral challenge.  *Carey v. Saffold*, 536 U.S.

17   214, 219-20 (2006).  However, the United States Supreme Court has clarified that "only a *timely*

18   appeal tolls AEDPA's 1-year limitations period," and "in California, 'unreasonable' delays are

19   not timely." *Evans v. Chavis*, 546 U.S. 189, 126 S.Ct. 846, 852 (2006) (italics in original).  As

20   Petitioner's four month delay in filing his state appellate court petition is unreasonable and thus

21   untimely, he is not entitled to statutory tolling for that period.[1/]

22       In *Chavis*, there was an unexplained six-month delay between the petitioner's California

23   Court of Appeal denial and his subsequent petition for review to the California Supreme Court.

24   *Chavis*, 126 S.Ct. at 854.  The Court held that "[s]ix months is far longer than the short periods

25   of time, 30 to 60 days, that most States provide for filing an appeal to the state supreme court.

26

27       1. Respondent does not argue that the two-month delay between Petitioner's appellate court

28   and Supreme Court filings is unreasonable and not subject to equitable tolling.  (Ex. C, Appellate
Court Denial; Ex. D, Supreme Court Denial.)

1  We have found no authority suggesting, nor found any convincing reason to believe, that

2  California would consider an unjustified or unexplained 6-month filing delay reasonable." *Id.*

3  (citations and internal quotation marks omitted).  Using this decision as a guideline, the Central

4  District has held that delays of ninety-seven days and seventy-one days were likewise

5  unreasonable and could not be tolled.  *Culver*, 450 F.Supp.2d at 1140-41.

6       In the current matter, Petitioner filed a petition for writ of habeas corpus to the Los Angeles

7  Superior Court on July 14, 2005.  (Ex. E, Superior Court Denial.)  The court denied the petition

8  on October 19, 2005.  (*Id.*)  Petitioner did not file a subsequent petition to the California Court of

9  Appeals, however, until February 23, 2006.  (Ex. C.)  This unexplained and unjustified delay of

10  127 days is unreasonable under *Chavis* standards and not entitled to statutory tolling.

11       Thus, the following time periods apply to AEDPA's statute of limitations:  the time between

12  the Board's administrative denial and Petitioner's first petition to the Los Angeles County

13  superior court (184 days); the time between the superior court's denial and the filing of the state

14  appellate petition (127 days); and the time between the California Supreme Court's denial and

15  the filing of the current petition (149 days)—a total of 460 days.  (Ex. A-E.)  Because this

16  number exceeds the 365 days permitted under AEDPA, the petition must be dismissed as

17  untimely.

18       **B.    Petitioner Is Not Entitled to Equitable Tolling.**

19       In very rare cases, the one-year statute of limitations for filing a federal habeas petition may

20  be equitably tolled if "extraordinary circumstances beyond a prisoner's control make it

21  impossible to file a petition on time."  *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003).  The

22  burden is on the petitioner to prove that "extraordinary circumstances were the cause of his

23  untimeliness."  *Stillman v. LaMarque*, 319 F.3d 1199, 1203 (9th Cir. 2003).  Equitable tolling "is

24  justified in few cases," and "the threshold necessary to trigger equitable tolling [under AEDPA]

25  is very high, lest the exceptions swallow the rule."  *Spitsyn*, 345 F.3d at 799 (citing *Miranda v.*

26  *Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002)) (internal quotation marks omitted).  A pro se

27  petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting

28  equitable tolling.  *Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006).  Here, Petitioner

1  makes no attempt to explain why his petition was filed more than three months past the AEDPA

2  deadline. Accordingly, he is not entitled to equitable tolling, and the petition must be dismissed

3  as untimely.

## CONCLUSION

5      Under AEDPA standards, a federal habeas petition challenging a parole denial must be filed

6  within a year of the date the petitioner could have discovered the factual predicate of his claim.

7  Petitioner failed to meet this deadline. Furthermore, he is not entitled to statutory tolling

8  between the time the Los Angeles Superior Court denied his initial state petition and the date he

9  filed an appeal to the California Court of Appeals, as this 127-day delay is unreasonable and thus

10  untimely under the standard announced in *Chavis*. Equitable tolling also does not apply, because

11  Petitioner fails to offer any evidence that a circumstance beyond his control made it impossible to

12  file a timely petition. Thus, Respondent respectfully requests that the petition for writ of habeas

13  corpus be dismissed.

14      Dated:  October 29, 2007

15                                                Respectfully submitted,

16                                                EDMUND G. BROWN JR.
                                                 Attorney General of the State of California

17                                                DANE R. GILLETTE
18                                                Chief Assistant Attorney General

                                                 JULIE L. GARLAND
19                                                Senior Assistant Attorney General

                                                 ANYA M. BINSACCA
20                                                Supervising Deputy Attorney General

21

22

23

24                                                AMBER N. WIPFLER
                                                 Deputy Attorney General
25                                                Attorneys for Respondent

26

27  20111384.wpd
    SF2007200665

28

Not. of Mot. and Mot. to Dismiss; Mem. of P. & A.                    *Johnson v. Curry*
                                                                      C07-2610 MJJ

# EXHIBIT   A

BOARD OF PRISON TERMS                                                    STATE OF CALIFORNIA
OFFICE OF POLICY AND APPEALS  FORWARD TO INMATE/PAROLEE
DECISION ON APPEAL

Your appeal was received by the Board on January 26, 2004.

Decision you appealed:

Life parole consideration hearing of July 17, 2003.  Parole denied.  Next hearing in four years.

Reasons for your appeal:

1.  The prisoner contends the hearing panel failed to take into consideration the amount of time he has served and the determinate term that would be set by the matrix.
2.  The prisoner contends the hearing panel failed to set his primary term that is proportionate to the offense and his culpability.
3.  The prisoner contends the hearing panel erred by using the psychological report to deny parole.
4.  The prisoner contends the hearing panel violated Penal Code section 5011 by finding his version of the crime differs from the witnesses.
5.  The prisoner contends the hearing panel had no evidence to find he needed additional therapy.
6.  The prisoner contends he was denied parole based on the Board's "no parole" policy.

Decision by the Board on this appeal:

[ X ] Denied                      [ ] Granted                     [ ] Dismissed or no action
     (No – the decision          (Yes – the decision            (The appeal will not
     stays the same)             will be changed)               be looked at)

CDC Instructions for Grant:  N/A

| Name *Carol Daly* | BOARD PANEL Title Commissioner | Date *1-11-05* |
| Name *Susan Fisher* | BOARD PANEL Title Commissioner | Date *1/11/05* |

Instructions to staff:
CDC Staff to assist in reviewing appeal decision          Yes [ ]          No [ X ]

| NAME JOHNSON, Roosevelt | CDC # D-63610 | PRISON/REGION CTF Log No. 03-041 | DATE JAN 1 1 2005 |

cjb

*ND-26L*

BPT 1041 (REV. 01/02)

BOARD OF PRISON TERMS                                          STATE OF CALIFORNIA
Page 2: DECISION ON APPEAL

## REASONS FOR DECISION

### Introduction

Title 15 of the California Code of Regulations (15 CCR), § 2280 et seq., sets forth parole suitability criteria and procedures for life prisoners. Prisoner rights are specified at 15 CCR §§ 2245 - 2256. Appeals from parole consideration hearings are governed by 15 CCR §§ 2050-2057.

### Decision on Appeal

1.  The prisoner contends the hearing panel failed to take into consideration the amount of time he has served and the determinate term that would be set by the matrix.

**Appeal denied:** Title 15 CCR section 2402 provides that the hearing panel must first determine whether a prisoner is suitable for release on parole. Regardless of the length of time served, a life prisoner must be found unsuitable and denied parole if, in the judgement of the hearing panel, the prisoner would pose an unreasonable risk of danger to society if released from prison. The Appeals Unit has reviewed the finding of unsuitability by the hearing panel. It is its determination that the hearing panel acted properly, that the applicable law and rules have been applied appropriately in this case and that the result reached is proper.

2.  The prisoner contends the hearing panel failed to set his primary term that is proportionate to the offense and his culpability.

**Appeal denied:** The prisoner appears to be referring to the findings of *In re Ramirez* (2001) 94 Cal.App.4[th] 549 and *In re Dannenberg* (2003) 130 CAL Rptr, 2D 653.

The issues as to whether the Board must engage in a comparative proportionality analysis with respect to offenses of similar gravity and magnitude and consider base term matrices used by the Board in setting release dates, and whether a parole date can be denied solely on the basis of the circumstances of the offense only when the offense is particularly egregious, are under review by the California Supreme Court.

The rules of the Board have been approved by the Office of Administrative Law. The prisoner's hearing has been conducted pursuant to PC §§ 3041 – 3042, and the Board's regulations. These laws and regulations are currently applicable to the prisoner's case.

Further addressed in Appeal #1.

3.  The prisoner contends the hearing panel erred by using the psychological report to deny parole.

**Appeal denied:** The hearing panel, when it reviews a psychiatric report, uses the information in that report to determine its view of whether the report is totally supportive of release from a psychiatric standpoint and as part of an overall picture of whether the prisoner is ready to be given a release date. The hearing panel may find current statements in the report more important to their deliberations than the conclusions. The conclusions of the psychiatrist/psychologist, though important, are not binding on the panel since it has the power to grant parole, not the psychiatrist. The conclusions of the hearing panel regarding the psychiatric readiness of the prisoner could reasonably be drawn from the psychiatric and psychological evidence available to the hearing panel.

JOHNSON, Roosevelt  D-63610                                          JAN 1 1 2005

BPT 1041 (REV. 01/02)

BOARD OF PRISON TERMS                                          STATE OF CALIFORNIA
Page 3: DECISION ON APPEAL

4.  The prisoner contends the hearing panel violated Penal Code section 5011 by finding his version of the crime differs from the witnesses.

**Appeal denied:**  Penal Code Section 5011(b) states "The Board of Prison Terms shall not require, when setting parole dates an admission of guilt to any crime for which an inmate was committed". In the prisoner's case he admits to the commitment offense so the hearing panel did not violate Penal Code Section 5011 but his version differs from the official record.

However, as a practical matter the hearing panel is bound by the court's finding and must consider the prisoner guilty of the crimes of which he was found guilty unless his conviction is overturned on appeal. Here the prisoner went into details of his version of the commitment offense. Whatever effect that testimony has on the panel results from the prisoner's decision to go into the details of the offense knowing that the panel must consider him guilty and relies on the version in the official record. The hearing panel is bound to deal with the material presented to it unless it is clearly in error. No such error appears in the material presented to the panel. Therefore, the finding of the panel based on that material was appropriate.

Further, Title 15 section 2402 (d)(3) states: "Signs of remorse. The prisoner performed acts which tend to indicate the presence of remorse, such as attempting to repair the damage, seeking help for or relieving suffering of the victim, <u>or indicating that he understands the nature and magnitude of the offense</u>". (Emphasis added)  This regulation directs the Board to determine the prisoner's understanding of the circumstances of the commitment offense.

5.  The prisoner contends the hearing panel had no evidence to find he needed additional therapy.

**Appeal denied:**  In the decision the hearing panel concluded the prisoner should participate in self-help and therapy programs and made an appropriate finding the prisoner would benefit from such programs and outlined their reasons in the decision. The panel has the authority to recommend that the prisoner complete additional programming and to participate more fully than he has in the past. The Board makes recommendations on how the prisoner can become suitable for parole and it is the prisoner's decision to follow the recommendation.

6.  The prisoner contends he was denied parole based on the Board's "no parole" policy.

**Appeal denied:**  The Board of Prison Terms is an administrative body directed through the legislative process to make independent decisions and to conduct life parole consideration hearings. The Board has no policy or underground regulation to deny parole to prisoners convicted of murder or other life offenses. The Board has granted parole to those prisoners in the past and continues to do so. The prisoner presents no evidence to support his allegation that the Board has such a policy or that it is influenced by any outside source.

<u>Exhaustion of Remedies</u>

Since all grounds for appeal must be included in the same appeal (15 CCR § 2052(a)(2)), this decision is the final administrative decision on all issues from the decision in question. No further appeals or requests for review based on the issues from this decision will be accepted.

JOHNSON, Roosevelt  D-63610                                    JAN 1 1 2005

BPT 1041 (REV. 01/02)

# EXHIBIT   B

194, CLOSED

## U.S. District Court
## CENTRAL DISTRICT OF CALIFORNIA (Western Division - Los Angeles)
## CIVIL DOCKET FOR CASE #: 2:07-cv-02804-GW-CT

Roosevelt Johnson v. B Curry
Assigned to: Judge George H Wu
Referred to: Magistrate Judge Carolyn Turchin
Cause: 28:2254 Petition for Writ of Habeas Corpus (State)

Date Filed: 04/27/2007
Jury Demand: None
Nature of Suit: 530 Habeas Corpus (General)
Jurisdiction: Federal Question

**Petitioner**

**Roosevelt Johnson**

represented by   **Roosevelt Johnson**
CDC D-63610
Correctional Training Facility
PO Box 705
Soledad, CA 93960-0705
US
PRO SE

I hereby attest and certify on 5-14-07 that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

CLERK U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

M Guerrero
DEPUTY CLERK

1095

V.

**Respondent**

**B Curry**
*Warden*

| Date Filed | # | Docket Text |
|---|---|---|
| 04/27/2007 | 1 | PETITION for Writ of Habeas Corpus by a Person In State Custody (28:2254). Case assigned to Judge George H Wu and referred to Magistrate Judge Carolyn Turchin. (Filing fee $ 5. DUE), filed by petitioner Roosevelt Johnson. (jp) (Entered: 05/07/2007) |
| 04/27/2007 | 2 | NOTICE OF REFERENCE TO A U.S. MAGISTRATE JUDGE. Pursuant to the provisions of the Local Rules, the within action has been assigned to the calendar of Judge George H Wu and referred to Magistrate Judge Carolyn Turhcin to consider preliminary matters and conduct all further matters as appropriate. The Court must be notified within 15 days of any change of address. (jp) (Entered: 05/07/2007) |
| 05/07/2007 | 3 | ORDER by Judge George H Wu Transferring Action to the United States District Court for the Northern District of California. Original file, certified copy of the transfer order and docket sheet sent. (MD JS-6. Case Terminated.) (mg, ) Modified on 5/10/2007 (mg, ). (Entered: 05/10/2007) |
| 05/14/2007 | | TRANSMITTAL of documents: Original case file, certified copy of Order of Transfer, of docket sheet, and for CV 22 sent to US District |

Court, Northern District of CA (mg, ) (Entered: 05/14/2007)

# EXHIBIT  C

ORIGINAL

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| In re<br><br>    ROOSEVELT JOHNSON,<br><br>    on<br><br>    Habeas Corpus. | B189066<br><br>(L.A.S.C. No. A031770)<br><br>O R D E R |

COURT OF APPEAL - SECOND DIST.

F I L E D

FEB 2 3 2006

JOSEPH A. LANE _____ Clerk

P. GONZALEZ _____ Deputy Clerk

THE COURT*:

The petition for writ of habeas corpus, filed February 14, 2006, has been read and considered.

The petition is denied.

_____        _____        _____
*SPENCER, P. J.              VOGEL, J.                    ROTHSCHILD, J.

# EXHIBIT  D

# CALIFORNIA APPELLATE COURTS



### Case Information

## Supreme Court

[ Change court ▼ ]

| Supreme Court |
|---|
| Welcome |
| Search |
| E-mail |
| Calendar |
| Help |
| Opinions |

C|C
home

Court data last updated: 10/29/2007 11:53 AM

**Case Summary    Docket    Briefs**
**Disposition    Parties and Attorneys    Lower Court**

## Docket (Register of Actions)

**JOHNSON (ROOSEVELT) ON H.C.**
**Case Number S142441**

| Date | Description | Notes |
|---|---|---|
| 04/07/2006 | Petition for writ of habeas corpus filed | Roosevelt Johnson, petitioner in pro per |
| 11/29/2006 | Petition for writ of habeas corpus denied | |

**Click here** to request automatic e-mail notifications about this case.

© 2007 Judicial Council of California

# EXHIBIT E

**FILED**

Los Angeles Superior Court

OCT 19 2005

John A. Clarke, Executive Officer/Clerk

By_____, Deputy

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| In re, | ) Case No.: BH003429 |
| | ) (A031770) |
| ROOSEVELT JOHNSON, | ) ORDER RE: WRIT OF HABEAS CORPUS |
| Petitioner, | ) |
| On Habeas Corpus | ) |

The Court grants petitioner's motion for reconsideration and has read and considered petitioner's Writ of Habeas Corpus filed on July 14, 2005. Having independently reviewed the record, giving deference to the broad discretion of the Board of Prison Terms ("Board") in parole matters, the Court concludes that the record contains "some evidence" to support the Board's finding that petitioner is unsuitable for parole. (*In re Rosenkrantz* (2002) 29 Cal.4th 616, 658; *see* Cal. Code Regs., tit. 15, §2402.)

The Board found petitioner unsuitable for parole because the commitment offense was especially cruel and callous in that it was carried out in a dispassionate manner, demonstrated a "total disregard" for another human being, and the motive was "inexplicable or very trivial." The Board also found petitioner unsuitable because of his prior criminal history, misconduct during his incarceration, and because the psychological evaluation was not supportive of release.

1        Petitioner is serving twenty-six years to life for murder in the first degree. The record

2    reflects petitioner was selling drugs for the victim, who was his supplier. On the night of the

3    commitment offense, petitioner went to the victim's residence. He told the Board he did so to

4    give the victim money he owed from drug sales, but that he was short by one hundred dollars.

5    Petitioner became involved in an altercation with the victim's cousin and petitioner produced a

6    knife. The victim and petitioner then began to struggle. At some point the victim broke free and

7    was on his knees when petitioner stabbed him in the chest. Petitioner fled and the victim died

8    from his injuries.

9        The factors related to the commitment offense that tend to favor unsuitability are set forth

10   in California Code of Regulations, title 15, section 2402(c)(1)(A)-(E). "Disregarding another

11   human being" is not among them. It is likely not included because it would apply to virtually

12   every life term inmate. However, an inmate may be unsuitable for parole if the crime was

13   carried out in a dispassionate and calculated manner (Cal. Code Regs., tit. 15, §2402(c)(1)(B)) or

14   if the motive is "inexplicable or very trivial in relation to the offense" (Cal. Code Regs., tit. 15,

15   §2402(c)(1)(E)).[1] Here petitioner stabbed the victim to death while he was on his knees,

16   apparently over some drug related dispute. Those facts are "some evidence" the crime was

17   carried out in a dispassionate manner and the motive was very trivial.

18       An inmate may be unsuitable for parole if he has a previous record of violence. (Cal.

19   Code Regs., tit. 15, §2402(c)(2).) The record reflects when petitioner was seventeen years old he

20   threatened to shoot a security guard in a school parking lot. Later, petitioner and a companion

21   returned to the area and petitioner menaced the security guard with a tire iron. Therefore, there

22   is "some evidence" petitioner is unsuitable because of a previous record of violence.

23       An inmate may also be unsuitable for parole if he engages in "serious misconduct" during

24   his incarceration. (Cal. Code Regs., tit. 15, §2402(c)(6); Cal. Code Regs., tit. 15, §3315.) The

25   record reflects petitioner has received six 115 disciplinary violations during his incarceration.

26   Most significantly, two were for possession of a controlled substance and one was for trafficking

27

28

---

[1] A motive can either be "inexplicable" or "very trivial." It cannot be both.

a controlled substance.  Thus, there is "some evidence" petitioner is unsuitable because of serious institutional misconduct.

Lastly, the psychological evaluation completed by Dr. C. Saindon, concluded petitioner's risk for danger in the community is "higher than the average citizen," given his history.  Thus, there is "some evidence" the evaluation did not favor petitioner's release.

The Court rejects the remainder of petitioner's arguments.  He has failed to present any evidence that the Board has a "no parole policy."  Moreover, the Board's primary concern in determining parole suitability is the safety of the community.  (*In re Dannenberg* (2005) 34 Cal.4th 1061.)  Here the record reflects the Board considered petitioner's post conviction gains but still concluded petitioner would pose an unreasonable threat to public safety.  (Penal Code §3041(b).)

Accordingly, the petition is denied.



October 19, 2005

Clerk to give notice

DAVID S. WESLEY
Judge of the Superior Court

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

**DEPT 100**

Date: OCTOBER 19, 2005

| Honorable: | DAVID WESLEY | Judge | L. TOWNSEND | Deputy Clerk |
|---|---|---|---|---|
| | NONE | Bailiff | NONE - | Reporter |

(Parties and Counsel checked if present)

BH003429
(A031770)
IN RE:
ROOSEVELT JOHNSON
       Petitioner
On Habeas Corpus

Counsel for Petitioner:

Counsel for Respondent:

Nature of Proceeding   ORDER: WRIT OF HABEAS CORPUS

THE COURT GRANTS PETITIONER'S MOTION FOR RECONSIDERATION AND HAS READ AND
CONSIDERED PETITIONER 'S WRIT OF HABEAS CORPUS FILED ON JULY 14, 2005.

THE PETITION IS DENIED AS MORE FULLY REFLECTED IN THE COURT ORDER ATTACHED HERETO AND
INCORPORATED HEREIN BY REFERENCE.

The order is signed and filed this date.

A copy of the order and a copy of this minute order are sent via U.S. Mail addressed as follows:

ROOSEVELT JOHNSON, D-63610
P.O. BOX 705
SOLEDAD, CA 93960-0705

1

| Minutes Entered |
|---|
| 10-19-05 |
| County Clerk |