Roosevelt Johnson
D-63610
P.O. Box 2349
Blythe California 92226



IN THE UNITED DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ROOSEVELT JOHNSON, | Case No. C 07-02610 JF. |
| Petitioner, | PETITIONER'S OPPOSITION TO RESPONDENT'S MOTION TO DISMISS |
| v. | PETITION FOR WRIT OF HABEAS CORPUS AS UNTIMELY PURSUANT TO §2244 |
| BEN CURRY, Warden, | (d)(1), ONE-YEAR STATUTE OF LIMITATION PERIOD |
| Respondent. | |

----------------------------------/

Petitioner, a California prisoner, in pro se, hereby file his Opposition to Respondent's motion to dismiss his petition for writ of habeas corpus as untimely under U.S.C. §2244(d)(1) (one-year status of limitation period). As will be discussed below in greater detail the current application for habeas corpus relief is timely filed under §2244(d)(1). Thus, Respondent's motion to dismiss the petition on that basis should be denied.

1

## INTRODUCTION

Petitioner is a state prisoner at Chuckawalla Valley State Prison, and pro se status in this action. Respondent's motion mistakingly asserts that there is an unreasonable delay in the State Court filing between the Superior Court and State Appellate Court. That is, respondent argues that Petitioner delayed 127 days in the filing of his State Appellate Court habeas corpus petition. (See Motion to Dismiss at p. 4.) Likewise, notes that she does note argue that the two-month delay between Petitioner's Appellate Court and Supreme Court filings is unreasonable. (See Motion at footnote 1.) In this case, Petitioner's habeas corpus petition has been timely filed and any argument to the contrary made by respondent is plain wrong.

Petitioner is undoubtedly legally entitled to have his federal habeas corpus petition tolled during the entire period of his State Court filings. It is ironic that respondent would advance an untimely argument in this case with respect to the time period of the State Court filings as a procedural grounds to have the petition dismissed when none of the State Courts denied the petition on the grounds of unreasonable delay in Petitioner's filings. In any event, the petition is timely filed in this court.

## ARGUMENT

### I

### PETITIONER IS ENTITLED TO EQUITABLE TOLLING

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) provides that a "1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a state court." 28 U.S.C. §2244(d)(1). The limitation period begins to run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Id. at (d)(1)(D).

AEDPA's tolling provision states that "[t]he time during which a properly filed application for State post-conviction or other collateral review ... is pending shall not be counted towards any period of limitation." 28 U.S.C. §2244(d)(2). Petitioner had a state collateral proceeding "pending" within the meaning of AEDPA's tolling from the time he filed his state petition in the trial court until the California Supreme Court denied his habeas petition. (See <u>Saffold</u> v. <u>Newland</u>, 2000 D.A.R. 7811 (9th Cir. July 18, 2000). In <u>Nino</u> v. <u>Galaza</u>, 183 F.3d 1003 (9th Cir. 1999), cert.denied, 2000 WL 507534 (U.S. May 1, 2000), the Ninth Circuit held that:

the AEDPA statute of limitations is tolled for "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." Applying these principles to California's post - conviction

procedure, the Ninth Circuit in Nino v. Galaza, held that the "statute of limitations is tolled from the time the first state habeas courts petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge. Id. at p. 1006 (footnote and citation omitted)(emphasis added).

Moreover, and critical to this case, is that the Ninth Circuit clearly held that under Nino whether limitations should be tolled during the four and one-half months after the Court of Appeal denied relief and "before Saffold petitioned the California Supreme Court. Section 2244(d)(2) tolls the AEDPA limitation while a 'properly filed' application for habeas corpus is pending in state court. 28 U.S.C. §2244(d)(2). Nino stated, as we have emphasized above, that time was tolled while a petitioner was attempting to exhaust state collateral remedies 'through proper use of state court procedures.'" Saffold, supra, citing and quoting Nino, 183 F.3d at p. 1006. Important here is that the Ninth Circuit underscored: "Because it is not at issue in this case, we express no opinion as to whether tolling pursuant to AEDPA should be applied if the California state courts have dismissed a state habeas petition as untimely because the petitioner engaged in substantial delay in asserting habeas claims." Id. at 1006 n.4.

In this case, the superior court, Court of Appeal, and California Supreme Court issued orders denying Petitioner's application for habeas corpus relief on the merits and did not rely on any procedural grounds whatsoever, that is, the those courts did not deny relief because Petitioner delayed in filing his habeas petition between the superior court to the Court of Appeal. Thus, respondent wishes for this court to rely on a

4

procedural grounds that the California courts did not rely on or cite or even remotely suggest existed. Otherwise, the California state courts did not dismiss the instant petition as untimely because Petitioner engaged in substantial delay in asserting habeas claims between the superior court and Court of Appeal. Inasmuch as, respondent is not in a legal position to raise a procedural claims that was not raised or relied on by California courts. The California courts denied Petitioner's habeas corpus petition on the merits.

The superior court issued a brief memorandum of opinion denying habeas relief (Motion to Dismiss at exh. E), and reached the merits of the claims without relying on any procedural grounds; the Court of Appeal issued a one-sentence order denying relief stating in full: "The petition for writ of habeas corpus, filed February 14, 2006, has been read and considered, The petition is denied." (Motion to Dismiss at exh. C); and the California Supreme Court (En Banc) denied relief stating in full: "Petition for writ of habeas corpus is denied." (See Petition for writ of habeas corpus filed in this court, exh. M). Petitioner submits that, the record evidence in this case reveals that no California court applied its untimeliness bar in its orders denying habeas relief. Here, respondent invites this court to venture into uncharted territory in applying AEDPA's one-year state of limitations to a case where the state courts did not rely on an untimeliness bar to deny habeas relief. The law is well settled in this area. As respondent so eloquently stated in the motion to dismiss: "Under AEDPA, the limitations period is tolled during the pendency of a 'properly filed application for State post-conviction or other collateral review with respect to

the pertinent judgment or claim.' 28 U.S.C. §2244(d)(2). Generally, this means that the one-year statute of limitations is tolled from the time a California prisoner files his first state habeas petition until the California Supreme Court rejects his final collateral challenge." (Motion to Dismiss at p. 3)(Citing and quoting Casey v. Saffold, 536 U.S. 214, 219-20 (2006). Such is the situation in the instant case. Moreso, the Evans v. Chavis, 546 U.S. 189, 126 S.Ct. 846 (2006) case cited by respondent is not controlling in this case because the State courts here did not deny the habeas petition on the grounds that it was unreasonably delayed or untimely.

It would not be amiss to point out that respondent is plain wrong in the calculations with respect to the filings in this case. That is, for example, respondent asserts that the between the Board's administrative denial and Petitioner's first petition to the Los Angeles County superior court was "184." The 184 days calculation is wrong by respondent's own assertions, that is, at page 3 of the Motion to Dismiss respondent asserts that the Board denied Petitioner's administrative appeal on July 11, 2005. The superior court's order denying relief notes that Petitioner filed his first habeas petition on July 14, 2005, three (3) days after the Administrative appeal was denied, not 184 days after. Respondent notes again at page 4 of the Motion to Dismiss that Petitioner filed his habeas petition on July 14, 2005. (See page 4 of Motion to Dismiss). Petitioner do not oppose those dates asserted by respondent.

In any event, the current application for habeas corpus relief is timely filed in this court. Therefore, respondent's

6

motion to dismiss habeas petition as untimely should be denied.

Date: 4-15-08

Respectfully submitted,

*Roosevelt Johnson*

ROOSEVELT JOHNSON
Petitioner In Pro Se

ROOSEVELT JOHNSON D-63610
P.O. BOX 2349 L-10-182-M
BLYTHE CALIFORNIA 92226
CHUCKAWALLA VALLEY STATE PRISON

LEGAL MAIL
CONFIDENTIAL

LEGAL MAIL

OFFICE OF THE CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
280 SOUTH FIRST STREET, ROOM 2112
SAN JOSE, CALIFORNIA 95113-3095

LEGAL MAIL