NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROOSEVELT JOHNSON,<br><br>    Petitioner,<br><br>  vs.<br><br>B. CURRY, Warden,<br><br>    Respondent. | No. C 07-2610 JF (PR)<br><br>ORDER DENYING RESPONDENT'S MOTION TO DISMISS PETITION AS UNTIMELY; TO SHOW CAUSE<br><br>(Docket No. 5) |

Petitioner, proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the denial of parole by the California Board of Prison Hearings ("Board") in 2003. The petition was originally filed in the Central District of California and then was subsequently transferred here. After reviewing the petition, the Court ordered Respondent to show cause why the petition should not be granted. Respondent now moves to dismiss the petition as untimely. Petitioner has filed opposition to the motion. Based upon the papers submitted, the Court concludes that the petition is timely pursuant to 28 U.S.C. § 2244(d) and will DENY Respondent's motion.

**STATEMENT**

Petitioner was sentenced to life in prison with the possibility of parole after his conviction for first degree murder in Los Angeles County Superior Court. On July 17,

2003, the Board denied parole following a hearing. (Resp. Ex. A.) Petitioner filed an administrative appeal of this decision which was denied on July 11, 2005. (Id.) On July 14, 2005, Petitioner filed a petition for a writ of habeas corpus to the Los Angeles County Superior Court, and it was denied on October 19, 2005. (Resp. Ex. E.) Petitioner filed a habeas petition to the California Court of Appeal on February 14, 2006, which was denied on February 23, 2006.[1] (Resp. Ex. C.) On April 7, 2006, Petitioner filed a petition for a writ of habeas corpus in the California Supreme Court, and it was denied on November 29, 2006. (Resp. Ex. D.) The instant federal petition is deemed filed on March 29, 2007.[2]

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became law on April 24, 1996 and imposed for the first time a one-year statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. See 28 U.S.C. § 2244(d)(1). Section 2244's one-year limitation period applies to all habeas petitions filed by persons in "custody pursuant to the judgment of a State court," even if the petition challenges an administrative decision such as the denial of parole, rather than a state court judgment. Shelby v. Bartlett, 391 F.3d 1061, 1063 (9th Cir. 2004) (quoting 28 U.S.C. § 2244(d)(1)).

For prisoners, like Petitioner, challenging the denial of parole, § 2244(d)(1)(D)[3] governs the start of the one-year limitation period. Redd v. McGrath, 343 F.3d 1077, 1079 (9th Cir. 2003). Specifically, the limitation period begins to run when the Board

---

[1]Respondent incorrectly states that the petition was *filed* on February 23, 2006. (Compare Mot. To Dism. at 4:9 with Resp. Ex. C.)

[2]For purposes of this order, the Court refers to the date Petitioner signed his federal petition, as opposed to the date the petition was filed in federal court, because under the "mailbox rule," that is the date a pro se petition can be deemed filed for the purpose of calculating timeliness under 28 U.S.C. § 2244(d). See Saffold v. Newland, 250 F.3d 1262, 1268 (9th Cir. 2001). Although Petitioner's state habeas petitions also could be deemed filed when they were signed, see Anthony v. Cambra, 2365 F.3d 568, 575 (9th Cir. 2000), Petitioner has not provided, and the record herein does not indicate, what those dates were.

[3]Unless otherwise noted, all statutory references are to Chapter 28 of the United States Code.

denies the prisoner's administrative appeal challenging the Board's decision that he was unsuitable for parole. Id. In this case, Petitioner's administrative appeal was denied on July 11, 2005 and, under Redd, began to run on that date. The limitation period expired one year later, on July 11, 2006, and the instant petition was not filed until March 29, 2007, 259 days later. Thus absent at least 259 days of tolling, the instant petition is untimely.

The one-year statute of limitation is tolled under § 2244(d)(2) for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Respondent does not dispute that the limitation period in this case was tolled when Petitioner filed his first state habeas petition, but Respondent asserts incorrectly that 184 days had elapsed at that point. (Mot. to Dism. at 4:13.) As noted above, the limitation period had begun to run upon the denial of Petitioner's administrative appeal, on July 11, 2005, and he filed his first state habeas petition on July 14, 2005, only three days later. (See Resp. Exs. A, E.) Thus, when the limitation period was first tolled under § 2244(d)(2), only three days had elapsed.

Respondent does not dispute that the limitation period was tolled under § 2244(d)(2) until the superior court petition was denied, or until October 19, 2007, 97 days after it was filed. (Mot. To Dism. at 4:11-17.) Respondent also does not dispute that the limitation period was tolled thereafter between petitioner's filing his next state petition in the California Court of Appeal on February 10, 2006, until the denial of his final state petition in the California Supreme Court on November 20, 2006, for a total of 288 days.[4] (Id. at 3 n. 1; 4:11-17.) Thus, the limitation period was tolled under § 2244(d)(2) for a total of 385 days, far more than the 259 days of tolling needed to render the instant

---

[4] Section 2244(d)(2) tolls the limitation period during the interstitial period between the California Court of Appeal's decision and the filing of the subsequent petition in the California Supreme Court, in addition to the time the petitions were actually pending in those courts. See Nino v. Galaza, 183 F.3d 1003, 1005 (9th Cir. 1999). The Court need not address Respondent's argument that tolling is not available for the period between the superior court and appellate court decisions because even without such tolling, the instant petition is timely.

1  petition timely.  Accordingly, Respondent's motion to dismiss the instant petition as
2  untimely will be denied.

## CONCLUSION

For the foregoing reasons, the Court hereby orders as follows:

1. Respondent's motion to dismiss the petition (docket no. 5) is DENIED.

2. Respondent shall file with the Court and serve on Petitioner, **within sixty (60) days** of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.  Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state parole record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.  If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent **within thirty (30) days** of the date the answer is filed.

3. It is Petitioner's responsibility to prosecute this case.  Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to Respondent's counsel.  Petitioner must keep the Court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address."  He must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

The Clerk shall terminate Docket No. 5.

IT IS SO ORDERED.

DATED:  9/18/08

JEREMY FOGEL
United States District Judge